IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDALL LAY,

    Petitioner,

vs.                                                    Case No. 3:14cv625-MCR/CAS

SECRETARY, Florida Department of Corrections,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On November 10, 2014, Petitioner Randall Lay, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence entered by the First Judicial Circuit, Okaloosa County, Florida, on February 27, 2006, following a jury trial. Doc. 1 at 1-2. On April 21, 2015, Respondent filed a motion to dismiss the habeas petition as untimely. Doc. 11. Petitioner filed a reply to the motion to dismiss on May 4, 2015. Doc. 13.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary

hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

By amended information filed January 18, 2006, in the First Judicial Circuit, Okaloosa County, the State of Florida charged Petitioner Randall Lay with three counts involving victim B.L.L.: (1) sexual battery on a victim less than 12 years old, a capital felony, in violation of section 794.011(2)(a), Florida Statutes, between August 1, 2003, and December 31, 2003; (2) lewd or lascivious molestation, a first degree felony, in violation of section 800.04(5), Florida Statutes, between November 1, 2004, and December 31, 2004; and (3) lewd and lascivious molestation, a second degree felony, in violation of section 800.04(5), Florida Statutes, between January 1, 2004, and July 13, 2005. Doc. 11 Ex. C at 89-90; *see id.* at 6 (original information filed August 11, 2005). Lay proceeded to a jury trial on January 17 and 18, 2006, during which several witnesses testified. *Id.* Ex. D (trial transcript). Lay did not testify. *See id.* at 177-78. The jury found him guilty as charged on both counts. *Id.* at 242-45. In a judgment and sentence rendered March 30, 2006, the judge adjudicated him guilty and sentenced him to life in prison on Count 1, and fifteen (15) years in prison on each of the remaining counts, to run concurrently. *Id.* Ex. C 189-94.

Lay appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D06-1562, and his attorney filed an initial brief raising five points. Doc. 11 Ex. E. The State filed an answer brief. *Id.* Ex. F. On July 17, 2007, the First DCA per curiam affirmed the case without an opinion. Doc. 11 Ex. G; Lay v. State, 959 So. 3d 1193 (Fla. 1st DCA 2007) (table). The mandate issued August 2, 2007. Doc. 11 Ex. H.

On October 15, 2008, Petitioner Lay, proceeding pro se, filed a Motion to Correct Sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), arguing his life sentence is illegal because it is an indefinite sentence as it has "no fixed ending." *Id.* Ex. I. In an order rendered October 24, 2008, the state trial court summarily denied the motion. *Id.* Ex. J. Lay did not appeal.

On July 30, 2009, Petitioner Lay filed his first motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. *Id.* Ex. K. On February 2, 2010, the state court appointed counsel for Lay. *Id.* Ex. M. On February 7, 2011, through counsel, Lay field an amended Rule 3.850 motion. *Id.* Ex. O. By order rendered February 8, 2011, nunc pro tunc to January 11, 2011, the state court dismissed the Rule 3.850 motion without prejudice, and allowed Lay additional time to file an amended Rule 3.850 motion. *Id.* Ex. P. On February 14, 2011, through counsel, Lay filed a verified amended Rule 3.850 motion. *Id.* Ex. R at 1-21. The state court held an evidentiary hearing on June 14, 2011, and July 12, 2011. *Id.* at 69-215. In an order rendered July 15, 2011, the state court denied the amended Rule 3.850 motion. *Id.* at 56-59.

Lay, represented by counsel, appealed to the First DCA, and filed an initial brief in the case, assigned number 1D11-4046. *Id.* Ex. S. The State filed an answer brief. *Id.* Ex. T. The First DCA per curiam affirmed the case without an opinion on December 6, 2012. *Id.* Ex. U; *see* Lay v. State, 103 So. 3d 149 (Fla. 1st DCA 2012) (table). The mandate issued January 2, 2013. Doc. 11 Ex. V.

On or about February 14, 2014, Lay, proceeding pro se, filed another Rule 3.850 motion. *Id.* Ex. X at 9-17. Lay alleged claims of newly discovered evidence. *Id.* at 10-15. In an order rendered March 27, 2014, the state court summarily denied the motion. *Id.* at 33-64. Lay appealed to the First DCA, which per curiam affirmed the case, assigned number 1D14-2267, without an opinion on September 3, 2014. *Id.* Ex. AA; *see* Lay v. State, 150 So. 3d 1138 (Fla. 1st DCA 2014). Lay sought rehearing, which the First DCA denied. Doc. 11 Ex. CC. The mandate issued October 31, 2014. *Id.* Ex. DD.

As indicated above, on November 10, 2014, Petitioner filed a § 2254 petition for writ of habeas corpus in this Court. Doc. 1. In this petition, Petitioner raises two grounds alleging newly discovered evidence. *Id.* at 3-5. Respondent has filed a motion to dismiss the § 2254 petition as untimely. Doc. 11. Petitioner filed a reply. Doc. 13.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at

§ 2244(d)(1)(A).  Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence.  *Id.* at § 2244(d)(1)(B)-(D).  The period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* at § 2244(d)(2).[1]

Respondent argues the § 2254 petition is untimely because Petitioner's time for filing a § 2254 petition expired on November 26, 2008.  Doc. 11 at 5.  Respondent explains that the First DCA affirmed Lay's conviction, on direct appeal, on July 17, 2007, without a written opinion.  *Id.* at 4; *see id.* Ex. G.  Lay did not seek review in the U.S. Supreme Court; accordingly, his conviction became final on October 15, 2007, and he had until October 15, 2008, to file a federal habeas petition.    Respondent's argument is well-taken.

Specifically, as Respondent indicates, Lay's conviction became final for AEDPA purposed on October 15, 2007, when the ninety-day time period for seeking certiorari review in his direct appeal expired.  *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13.  He had one year thereafter to file either his federal habeas petition or a motion in state court to toll the federal limitations period.  *See, e.g.*, Downs v. McNeil, 520 F.3d 1311,

---

[1] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

As indicated above, on October 15, 2008, Lay filed a Motion to Correct Sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), arguing his life sentence is illegal because it is an indefinite sentence as it has "no fixed ending."  Doc. 11 Ex. I.  In an order rendered October 24, 2008, the state trial court summarily denied the motion. *Id.* Ex. J.  Lay did not appeal that order.  He did not file anything else until July 30, 2009, when he filed his first motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  *Id.* Ex. K.  At that point, his one-year AEDPA limitations period had expired. See Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for § 2244(d)(2) statutory tolling to apply, petitioner must file his state collateral petition before one-year period for filing his federal habeas petition has run."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll limitations period.  A state-court petition . . . filed following expiration of limitations period cannot toll period because there is no period remaining to be tolled.").  Therefore, this § 2254 petition, submitted on November 10, 2014, is untimely and must be dismissed.

To the extent Lay asserts entitlement to proceed under section 2244(d)(1)(D), which allows the AEDPA period for a particular claim to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," such argument should be rejected.  In his Rule 3.850

motion filed on or about February 14, 2014, Lay asserted claims of "newly discovered evidence" that trial counsel failed to properly convey a plea offer and thus rendered ineffective assistance of counsel. Doc. 11 Ex. K. The state post-conviction court rejected those claims, however, and that court's rulings are supported by the record and the law.

In particular, the state court made the following findings in the order denying post-conviction relief:

> In his motion, Defendant raises the following two claims: (1) On June 14, 2011, at the evidentiary hearing held on his prior rule 3.850 motion, he learned for the first time of the existence of a 17-year plea offer; and (2) newly discovered evidence obtained during and after the hearing established that trial counsel "was aware of Defendant's apparent competency issues" but failed to have a competency evaluation completed.
>
> **Timeliness of the Motion**
>
> Claims of newly discovered evidence must be brought "within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1).
>
> Because Defendant alleges that the facts concerning his claims became known to him at the evidentiary hearing held on June 14, 2011, the time for filing a newly discovered evidence claim based on those facts expired on June 14, 2013. However, Defendant alleges that he originally filed the present motion on May 3, 2013.. The motion contains a certificate of service stating that Defendant provided the motion to prison officials for mailing on May 3, 2013. The motion also includes an oath signed by Defendant and dated May 3, 2013, declaring that he read the motion and the facts stated in it are true. . . . The Court treats the motion as timely filed.
>
> **Newly Discovered Evidence**
>
> "To prevail on a claim of newly discovered evidence, a movant must show the following: (1) the evidence was unknown to the movant or

his counsel and could not have been uncovered by due diligence at the time of trial; and (2) the evidence is such that it would probably produce an acquittal on retrial." Nordelo v. State, 93 So. 3d 178, 184 (Fla. 2012); see Fla. R. Crim. P. 3.850(b)(1).

### *Ground 1: Newly discovered evidence establishes that trial counsel failed to convey a plea offer of 17 years.*

Defendant claims that he "has newly discovered that trial counsel failed to properly convey a plea offer, resulting in ineffective assistance of counsel." He claims that on June 14, 2011, during the evidentiary hearing held on his prior rule 3.850 motion, he learned for the first time of the existence of a 17-year plea offer. He alleges he would have accepted the offer had it been properly conveyed to him.

However, Defendant is not entitled to relief because the record refutes his claims. The transcript[] of the hearing held on June 14, 2011, shows that Defendant was unwilling to accept a plea offer for more than five years in prison. Defendant's mother, Josephine Lay, testified that trial counsel, Edward Ellis, had asked Defendant about the most time he would accept in a plea offer, and Defendant said five years. (Hr'g 44, 46-47)

At the evidentiary hearing, the State introduced a billing invoice from trial counsel showing an entry on page five which reads as follows: "Returned telephone call of Josephine Lay; she advised that [Defendant] would not do anything more than 5 years and that he would kill himself before going to trial and getting life."

Mr. Ellis testified at the hearing and said he conveyed a 20-year plea offer to Defendant, and that later the offer "was reduced down to 17 years." (Hr'g 77-78) Mr. Ellis testified that he "remember[ed] going over the 17 years because [he] was trying to get it below 15 to see if Mr. Lay would be agreeable to that." (Hr'g 98) Mr. Ellis said the 17-year offer "was something that we had discussed, both [the prosecutor], myself and then me and Mr. Lay." (Hr'g 98) Mr. Ellis testified that "once I began meeting with [Defendant] . . . it was made abundantly clear to me that he couldn't do life and he couldn't do 20 years, and he couldn't do 17 years." (Hr'g 78) Mr. Ellis testified that Defendant told him he would commit suicide rather than serve a substantial prison sentence. (Hr'g 78-79) However, Mr. Ellis testified that he believed Defendant was "feigning" as to the threats of suicide. (Hr'g 108) Mr. Ellis testified that Defendant's mother "advised [him] that Randall Lay could not do anything more than five years or he would kill himself." (Hr'g 79) Mr. Ellis said, "And so what I attempted to do

is to try to negotiate to the best of my abilities to get [the prosecutor] to come off the 17 years, and he wouldn't." (Hr'g 79) Mr. Ellis testified that he recommended to Defendant that he "accept the plea offer" (Hr'g 83) because the evidence of guilt was overwhelming (Hr'g 84-85), and he faced life in prison if he was found guilty at trial. (Hr'g 86)

Following the evidentiary hearing, the Court entered an order on July 15, 2011, in which the Court denied Defendant's motion, finding that Defendant "wanted a trial and refused to accept a prison sentence of 17 or 20 years incarceration, [and] Mr. Ellis was forced to proceed with little chance of success due to the evidence against Defendant."

Based on the Court's prior findings of fact as stated in the order entered on July 15, 2011, and a review of the transcripts of the testimony given at the June 14, 2011, evidentiary hearing, the Court finds that the record refutes Defendant's claim that he was unaware of the 17-year plea offer. Nevertheless, even if Defendant somehow was unaware of that offer, the testimony given by his mother and trial counsel regarding Defendant's unwillingness to accept a sentence of more than five years in prison shows that he would not have accepted a plea offer requiring him to serve a 17-year prison sentence. Accordingly, this claim is denied.

### *Ground 2: Newly discovered evidence establishes that defense counsel was aware of Defendant's competency issues but failed to have Defendant's competency evaluated.*

Defendant argues that at the evidentiary hearing held on June 14, 2011, he "learned for the first time that defense counsel was made aware of Defendant's mental health issues." In support of his claim, he writes that at the evidentiary hearing he learned his "mother had advised counsel prior to trial that she was concerned Defendant may try to kill himself." Further, he writes that at the evidentiary hearing, the State Attorney expressed concern that Defendant "appeared to be under the influence of something." He also alleges that "after the evidentiary hearing" he "learned from his mother that she advised defense counsel before trial" that Defendant had been "Baker acted in the past" and spent "approximately seven months as a patient at Community Mental Health Hospital," which "was followed by approximately two and a half more months of a stay at Chattahoochee." Further, Defendant alleges that "in the past" he had a prescription for, and took, "psychotropic medications to help with his competency issues." Defendant alleges that he "has recently learned that, armed with this information, defense counsel should have moved the Court for appointment of an expert" to evaluate him to

> determine if he was competent to participate in the proceedings. He alleges that "an expert would have determined that Defendant was indeed incompetent at the time the crime was committed, at the time he gave incriminating comments, and during his pre-trial, and trial proceedings."
>
> It appears that Defendant has tried to salvage an untimely ineffective assistance of counsel claim by cloaking it as a claim of "newly discovered evidence." Nevertheless, Defendant's claim fails to meet the first prong of the newly discovered evidence rule which requires that "the evidence was unknown to [Defendant] or his counsel and could not have been uncovered by due diligence at the time of trial." Nordelo, 93 So. 3d at 184. Counsel, according to Defendant, *did* know of the facts alleged in support of Defendant's claim. Moreover, Defendant merely claims that he "recently learned" that trial counsel *knew* of those alleged facts. There is no indication that the alleged facts were unknown to counsel or Defendant at or before the trial, and therefore, the claim is denied.

Doc. 11 Ex. X at 34-39 (footnotes omitted). The record supports the state court's findings that Lay knew of the 17-year plea offer before the trial. *See, e.g., id.* at 50. Further, the record supports the state court's findings that any facts regarding his mental state were known by him and his counsel before the trial. *See, e.g., id.* at 51.

Finally, as Respondent indicates, Petitioner Lay does not assert a claim of equitable tolling, either in his petition or in his reply. *See* Doc. 11 at 9-10; Doc. 1; Doc. 13. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Petitioner bears the burden of establishing entitlement to this remedy. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir.

2002). Nothing indicates this case involves extraordinary circumstances that would entitle Petitioner Lay to such an exception to the AEDPA limitations period.

## Conclusion

For the reasons stated above, this § 2254 petition is untimely. Therefore, this Court should grant Respondent's motion to dismiss (Doc. 11).

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate

should issue."  Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 11)  be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 6, 2015.

> s/  Charles A. Stampelos
> CHARLES A. STAMPELOS
> UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**